IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICHARD A. JOHNSON,

                Petitioner,

v.                                                   OPINION and ORDER

REGIONAL CHIEF, Unit 517, Wisconsin Department      22-cv-366-jdp
of Corrections, Probation and Parole,

                Respondent.

---

      Richard A. Johnson has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2018 convictions for sexual assault of a minor, child enticement, and manufacturing or delivering THC. Since filing his petition, Johnson has been released from prison, but his petition isn't moot because he remains on extended supervision. *See Jones v. Cunningham*, 371 U.S. 236 (1963). I have amended the caption to reflect Johnson's current custodian, as indicated by the Wisconsin Department of Correction's offender locator website.[1] *See Kholyavskiy v. Achim,* 443 F.3d 946, 949 (7th Cir. 2006) (proper respondent for a habeas petition is the petitioner's current custodian); Rule 2(a) of the Rules Governing Section 2254 Cases, Advisory Committee Note (custodian of petitioner on probation or parole is the "officer responsible for supervising the applicant" or "the official in charge of the parole or probation agency").

      The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 requires the court to examine the petition and

---

[1] *See* https://appsdoc.wi.gov/lop/details/detail.

supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief.

I cannot allow Johnson to proceed on any of his claims because it appears that he failed to properly present of them to the state courts. But I will give Johnson an opportunity to show cause why his petition shouldn't be dismissed.

## ANALYSIS

Johnson asserts six grounds for relief in his petition:

1) The trial court erroneously denied his motion for postconviction relief without a hearing.

2) The trial court erroneously concluded that Johnson's Fourth Amendment claim wasn't based on newly discovered evidence.

3) The trial court violated Johnson's due process rights by refusing to sanction the prosecutor for failing to disclose exculpatory evidence.

4) The trial court violated Johnson's Sixth Amendment right to confront witnesses by denying a motion for a mistrial after a witness refused to comply with a subpoena.

5) The trial court erroneously denied Johnson's request for a continuance to allow his standby counsel to "take over the case" during trial.

6) There was insufficient evidence to convict Johnson.

Acting pro se, Johnson attempted to raise each of the claims with the Wisconsin Court of Appeals, either on direct appeal or in the appeal of the denial of a later post-conviction motion. The Wisconsin Supreme Court denied discretionary review both times, so this court reviews the decision of the Wisconsin Court of Appeals. *See Jensen v. Clements,* 800 F.3d 892, 900-01 (7th Cir. 2015).

As Johnson acknowledges, the court of appeals didn't consider the merits of any of his claims, concluding that all of them failed on procedural grounds. On direct appeal, Johnson

2

raised claims 3), 4), and 5), and the court rejected all three of them. As for claim 3), Johnson failed to explain what exculpatory evidence was withheld, so the argument was forfeited as undeveloped under *State v. McMorris*, 2007 WI App 231, ¶ 30, 306 Wis. 2d 79, 742 N.W.2d 322. As for claims 4) and 5), the court was required under *Fiumefreddo v. McLean*, 174 Wis. 2d 10, 27, 496 N.W.2d 226 (Ct. App. 1993), to assume that the circuit court properly exercised its discretion when denying the motions for both a mistrial and a continuance because Johnson failed to provide the court with trial transcripts of the circuit court's oral rulings, as required by Wis. Stat. Rule 809.11(4). *See State v. Johnson*, No. 2018AP1368-CR, 2019 WL 13188064, (Wis. Ct. App. Oct. 16, 2019).

On the appeal of the denial of Johnson's postconviction motion, the court of appeals rejected all of Johnson's claims on two grounds: (1) some claims were barred under Wis. Stat. § 974.06(4) and *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994), because Johnson could have raised them on direct appeal but failed to do so; and (2) Johnson had already litigated some claims on direct appeal, so they were barred under *State v. Witkowski*, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991), which prohibits criminal defendants for relitigating the same claim. The court also concluded that Johnson failed to explain why he couldn't have discovered his new claims earlier, and he didn't allege facts necessary to support an evidentiary hearing, as required by *State v. McAlister*, 2018 WI 34, ¶31, 380 Wis. 2d 684, 911 N.W.2d 77. *See State v. Johnson,* No. 2020AP1101, 2022 WL 1585460 (Wis. Ct. App. Feb. 15, 2022).

The general rule is that a federal court may not consider the merits of a habeas claim if the state court denied relief on an "adequate" procedural ground that is "independent" of the merits. *Garcia v. Cromwell*, 28 F.4th 764, 771 (7th Cir. 2022). There is an exception to the

3

general rule if the petitioner shows either: (1) cause and prejudice for the default; or (2) a fundamental miscarriage of justice. *Promotor v. Pollard*, 628 F.3d 878, 885 (7th Cir. 2010). Cause is something outside the petitioner's control that prevented him from complying with the state rule. *See Thompkins v. Pfister*, 698 F.3d 976, 987 (7th Cir. 2012). Prejudice means more than just an error; it requires the petitioner to show that the errors resulted in a trial that was fundamentally unfair. *See Murray v. Carrier*, 477 U.S. 478, 494 (1986). A fundamental miscarriage of justice requires a showing of "actual innocence," meaning that it is more likely than not that no reasonable juror would have convicted the petitioner without the alleged constitutional violation. *Thomas v. Williams*, 822 F.3d 378, 386–87 (7th Cir. 2016) (internal quotation marks omitted).

In this case, the court of appeals rejected all of Johnson's claims on procedural grounds. A refusal to consider a claim under § 974.06 and *Escalona-Naranjo* is an independent procedural ground. *Garcia*, 28 F.4th at 774. A refusal to consider a claim because it was already litigated isn't a procedural ground, *see Page v. Frank*, 343 F.3d 901, 907 (7th Cir. 2003), but that doesn't help Johnson here. The court of appeals rejected his claims on direct appeal based on multiple types of forfeiture, which *is* an independent procedural ground. *Id.*

As for whether the procedural grounds were adequate, the question is whether the rule relied on by the state court is "firmly established and regularly followed." *Crockett v. Butler*, 807 F.3d 160, 167 (7th Cir. 2015) (internal quotation marks omitted). The Wisconsin Court of Appeals in this case relied on well-established rules and case law in concluding that Johnson had forfeited his claims. The Court of Appeals for the Seventh Circuit has expressly recognized *Escalona-Naranjo* as adequate. *See Garcia*, 28 F.4th at 775.

Johnson says that the court of appeals relied on "bogus technical defects and unrealistic procedural defaults." Dkt. 1, ¶ 26. But the only specific objection he raises is that *Escalona-Naranjo* doesn't apply because the appeal of the denial of his post-conviction motion was "his first appeal after the trial." Dkt. 1, ¶ 5. But that's simply incorrect. Johnson's direct appeal was filed after judgment was entered, as noted by the Wisconsin Court of Appeals in its decision.

It appears that Johnson procedurally defaulted all of his claims because the Wisconsin Court of Appeals rejected each of his claims on adequate procedural grounds. But before dismissing the petition for procedural default, I will give Johnson one more opportunity to do one of three things: (1) explain why the reasons the Wisconsin Court of Appeals rejected his claims weren't adequate procedural grounds; (2) show cause and prejudice; or (3) show a fundamental miscarriage of justice.

ORDER

IT IS ORDERED that petitioner Richard A. Johnson may have until December 9, 2022, to show cause why his petition should not be dismissed for procedural default. If Johnson doesn't respond by then, I will dismiss the case and enter judgment for the respondent.

Entered November 18, 2022.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge