IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICHARD A. JOHNSON,

                Petitioner,

v.                                                                          OPINION and ORDER

REGIONAL CHIEF, Unit 517, Wisconsin Department         22-cv-366-jdp
of Corrections, Probation and Parole,

                Respondent.

---

This is a habeas case under 28 U.S.C. § 2254 in which Richard A. Johnson is challenging convictions for sexual assault of a minor, child enticement, and manufacturing or delivering THC. He asserts the following claims:

1) The trial court erroneously denied his motion for postconviction relief without a hearing.

2) The trial court erroneously concluded that Johnson's Fourth Amendment claim wasn't based on newly discovered evidence.

3) The trial court violated Johnson's due process rights by refusing to sanction the prosecutor for failing to disclose exculpatory evidence.

4) The trial court violated Johnson's Sixth Amendment right to confront witnesses by denying a motion for a mistrial after a witness refused to comply with a subpoena.

5) The trial court erroneously denied Johnson's request for a continuance to allow his standby counsel to "take over the case" during trial.

6) There was insufficient evidence to convict Johnson.

In a previous order, I observed that Johnson had raised each of these claims with the Wisconsin Court of Appeals, either on direct appeal or on appeal of the denial of his subsequent postconviction motion. Dkt. 5. The court of appeals rejected each claim on procedural grounds, suggesting that Johnson had procedurally defaulted them. *See Garcia v. Cromwell,* 28 F.4th 764,

771 (7th Cir. 2022). As a result, I concluded that I must dismiss Johnson's petition unless he shows one of three things:

(1) the Wisconsin Court of Appeals' procedural reasons for rejecting his claims weren't "adequate," meaning that the reasons weren't firmly established and regularly followed, *Crockett v. Butler*, 807 F.3d 160, 167 (7th Cir. 2015);

(2) he was prevented from complying with the procedural requirements for reasons outside his control and his trial was fundamentally unfair because of the alleged constitutional violations, *Murray v. Carrier*, 477 U.S. 478, 494 (1986); *Thompkins v. Pfister*, 698 F.3d 976, 987 (7th Cir. 2012); or

(3) it is more likely than not that no reasonable juror would have convicted Johnson without the alleged constitutional violations, *Thomas v. Williams*, 822 F.3d 378, 386–87 (7th Cir. 2016).

Johnson's 34-page response to the court's order doesn't directly address any of these standards, but some parts of the response touch on related issues. As for whether the state court of appeals had an adequate reason for declining to consider the merits of his two appeals, the state court gave the following reasons:

1) As for Johnson's claim that the prosecutor violated the Due Process Clause by failing to disclose evidence, Johnson forfeited the claim by failing to explain what exculpatory evidence the prosecutor withheld, citing *State v. McMorris*, 2007 WI App 231, ¶ 30, 306 Wis. 2d 79, 742 N.W.2d 322.

2) As for Johnson's claims that the trial court violated his Sixth Amendment right to confront witnesses by denying a motion for a mistrial after a witness refused to comply with a subpoena and his claim that the trial court erroneously denied his request for a continuance to allow his standby counsel to "take over the case" during trial, Johnson failed to provide the court with trial transcripts of the circuit court's oral rulings as required by Wis. Stat. Rule 809.11(4), so the court was required under *Fiumefreddo v. McLean*, 174 Wis. 2d 10, 27, 496 N.W.2d 226 (Ct. App. 1993), to assume that the circuit court properly exercised its discretion when denying the motions for both a mistrial and a continuance.

3) As for Johnson's claims that the trial court erroneously denied his motion for postconviction relief without a hearing, his claim that the trial court erroneously concluded that Johnson's Fourth Amendment claim wasn't based on newly discovered evidence, and his claim that there was insufficient evidence to convict him, the claims were barred under Wis. Stat. § 974.06(4) and *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994), because Johnson could have

raised them on direct appeal but failed to do so. Johnson also didn't allege facts necessary to support an evidentiary hearing, as required by *State v. McAlister*, 2018 WI 34, ¶31, 380 Wis. 2d 684, 911 N.W.2d 77.

As for reason 1), Johnson now says that the exculpatory evidence consisted of text messages on his cellphone that "would have created reasonable doubt because" they would "show he longer wanted anything to do with these females." Dkt. 9, at 19. But he doesn't point to anything in his appellate brief that would have flagged that issue for the court of appeals. He says that he attached a letter to his appellate brief in which his standby counsel made "a specific request for the exculpatory evidence," Dkt. 9, at 19, but an attachment isn't an argument.[1] In any event, Johnson doesn't explain either why he couldn't have presented the text messages himself or, more fundamentally, how they are relevant to any of the elements for any of his convictions.

As for reason 2), Johnson says that he believed that the exhibits he included with his appeal "should have been sufficient to at least consider the Constitutional issues." Dkt. 9, at 21. But he doesn't explain why the exhibits were sufficient, he doesn't challenge the court of appeals' conclusion that he was he required by state law to submit transcripts, and he doesn't attempt to dispute the court of appeals' assertion that it needed the transcripts to determine whether the trial court erred.

As for reason 3), Johnson challenges the court of appeals's conclusion in the appeal of his postconviction motion that some of his claims were barred under Wis. Stat. § 974.06(4) and *Escalona-Naranjo*, contending that *Escalona-Naranjo* doesn't apply to constitutional claims.

---

[1] Johnson says in his brief to this court that the letter, copies of the text message, and numerous other exhibits are attached to his brief, but the only attachment was an "appendix" that *listed* the exhibits. Dkt. 9-1. Johnson provided no exhibits to this court with his brief, and he doesn't specifically identify the content of the letter or the text messages.

3

Dkt. 9, at 23. But that's incorrect. The old rule limited waiver to nonconstitutional claims, but *Escalona-Naranjo* overruled the cases espousing that rule. *See* 185 Wis. 2d at 183 ("The language of [§ 976.04(4)] does not exempt a constitutional issue."). Under *Escalona-Naranjo*, the same rule applies to constitutional claims as to any other claim: the defendant must identify a "sufficient reason" why he didn't raise the claim on direct appeal. *Id.*

For the most part, Johnson doesn't explain why he was unable to raise the claims at issue on direct appeal. The only exception is his Fourth Amendment claim, which he says he couldn't have raised before because he didn't have the relevant information. Dkt. 9, at 24. But he made the same argument to the court of appeals, and the court rejected it, concluding that he failed to adequately plead the requirements for obtaining an evidentiary hearing to consider new evidence under *McAlister*, 2018 WI 34, at ¶31. Johnson doesn't challenge that conclusion. In any event, this court considered and rejected Johnson's Fourth Amendment claims in a series of decisions in Johnson's civil case. *See Johnson v. Gullickson*, No. 20-cv-496-jdp, 2021 WL 5998522, at *4 (W.D. Wis. 2021); *Johnson v. Gullickson,* No. 20-cv-496-jdp, 2021 WL 3540231, at *2 (W.D. Wis 2021); *Johnson v. Eau Claire Police Department*, No. 20-cv-496-jdp, 2020 WL 10702725, at *4 (W.D. Wis. 2020).

Johnson also raises a general challenge to the state court's refusal to consider the merits of his appeals, contending that his procedural default "cannot outweigh the Constitutionality of his claims." Dkt. 9, at 26; *see also id.* at 20 ("The appellate court completely focused on the petitioner's technical [defects] and conveniently ignored any mentioning of the merits in the claims."). But there is no exception to procedural default for constitutional claims. And the court's task in determining a procedural default isn't to weigh the importance of a constitutional right against the importance of a state's procedural rule. Rather, the question is

4

whether the rule is firmly established and regularly followed, *Crockett*, 807 F.3d at 167. I concluded in the previous order that the rules relied on by the court of appeals met this standard, Dkt. 5, at 4–5, and Johnson cites no authority to the contrary.

As for whether Johnson was prevented from complying with Wisconsin's procedural rules for reasons outside his control, the only excuse Johnson offers relates to his Fourth Amendment claim, which I have already discussed.

As for whether no reasonable juror could have convicted Johnson in the absence of the alleged constitutional violations, Johnson devotes most of his brief to summarizing his view of the facts, and he explains why he believes that the trial court, the prosecutor, the police, and various private parties treated him unfairly and violated his rights as well as the rights of the person who was his roommate at the time of his arrest. But these allegations and arguments aren't responsive to the issues raised in this court's order. Johnson doesn't address the elements of any of his convictions, and he doesn't explain why it is more likely than not that he would have been acquitted in the absence of the alleged violations.

For example, Johnson devotes a significant portion of his brief to his allegation that the prosecutor colluded with a witness to defy a trial subpoena. Dkt. 9, at 13–17. He says that she was a "critical" witness because she would have confirmed that one of the victim's friends told the victim (a 13-year-old girl) to "seduce" Johnson. *Id.* at 13. But he neither explains why he believed the witness would offer that testimony (he admits she gave a contrary statement to police officers) or how that testimony is relevant to the elements of any of his convictions. For example, Johnson was convicted of second-degree sexual assault of a child who is less than 16 years of age, which prohibits any sexual contact with a person of that age. *See* Wis. Stat. § 948.02(2). The victim's intent or conduct leading up to the assault simply isn't relevant.

The bottom line is that Johnson hasn't shown that Wisconsin's procedural reasons for rejecting his claims were inadequate, that he was unable to comply with Wisconsin's rules, or that he likely would have been acquitted but for the alleged constitutional violations. So I conclude that Johnson has procedurally defaulted his claims.

Johnson also raises arguments that are outside the scope of his petition. For example, he alleges that his personal property was damaged by Eau Claire police officers. Dkt. 9, at 27, and in a separate document he discusses a recent arrest for an alleged violation of his conditions of release, Dkt. 8. If Johnson wishes to challenge those issues, he will have to do so in a separate lawsuit filed in the appropriate forum.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. For the reasons stated, reasonable jurists would not debate the decision that Johnson procedurally defaulted all of his claims. Therefore, no certificate of appealability will issue.

ORDER

IT IS ORDERED that:

1. Richard Johnson's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED on the ground of procedural default.

2. The clerk of court is directed to enter judgment and close the case.

3. No certificate of appealability shall issue. Johnson may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered December 29, 2022.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge